# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| CHAD FRANKLIN, | ) | |
| TIFFANY FRANKLIN, | ) | |
| and CHAD FRANKLIN NATIONAL | ) | |
| AUTO SALES NORTH, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 10-00059-CV-W-FJG |
| | ) | |
| UNIVERSAL UNDERWRITERS, | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is defendant's Motion for More Definite Statement (Doc. No. 6), and defendant's Motion to Dismiss Claims of Plaintiff Chad Franklin (Doc. No. 4).

**I.     BACKGROUND**

Plaintiffs Chad Franklin and Tiffany Franklin are individual citizens of Missouri, and insureds under a Universal Underwriters Insurance Company (UUIC) loss and damage policy. Plaintiff Chad Franklin National Auto Sales North (CFNASN) is a Missouri limited liability company, and also insured by UUIC. UUIC is a Kansas property and casualty insurance corporation, registered to do business in Missouri.

Plaintiffs filed the instant lawsuit against their insurance company, alleging the defendant failed to assist them in settling customer claims that arose from an advertising campaign, and denied coverage for those claims in bad faith. Specifically, Chad Franklin Suzuki, LLC (CFS), which is a separate legal entity than CFNASN,

began advertising a promotional campaign in 2007 that resulted in customer claims against CFS for misrepresentation, Truth In Lending Act (TILA) violations, credit issues, and seeking monetary damages. CFS is also insured by UUIC, though it has not been established whether under the same policy as plaintiffs. Importantly, plaintiff Chad Franklin, individual, and CFS filed a lawsuit in state court against UUIC in October 2008, and the lawsuit remains pending to date.[1] The instant suit arises from UUIC's actions in connection with the 2007 CFS advertising campaign.

Defendant removed this action on January 21, 2010, based on diversity jurisdiction. Currently pending is defendant's Motion for More Definite Statement (Doc. No. 6), and Motion to Dismiss Claims of Plaintiff Chad Franklin (Doc. No. 4).

## II.     Motion for More Definite Statement

Defendant UUIC moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. UUIC argues the plaintiffs' allegations are so vague and indefinite that the Petition fails to provide adequate notice to defendant of plaintiffs' claims against it, and should be amended accordingly. Defendant explains that plaintiffs' Petition is devoid of any reference, assertion or basis as to how or why customer claims against CFS, a separate and distinct legal entity, implicates or provides any basis for a claim by CFNASN or Tiffany Franklin, individually.

Under Fed. R. Civ. P. 8(a), the notice pleading standard of requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." If, however, a pleading fails to specify the allegations in a manner that provides sufficient

---

[1] Plaintiffs subsequently added Tiffany Franklin as individual plaintiff in their First Amended Petition (Doc. No. 9-2).

notice, Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See <u>Swieriewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002).

Applying these standards, the Court agrees with defendant that plaintiffs' Petition does not state a claim showing why each distinct plaintiff, Chad Franklin, Tiffany Franklin, and CFNASN, is entitled to relief. Despite a liberal construction of the Rule 8 pleading standard, the Court cannot discern how UUIC can form a responsive pleading to plaintiffs' Petition.

Plaintiffs' Petition makes the same allegations as the petition filed in October 2008 against UUIC in the pending state court action, the only difference being that in the case at bar CFNASN and Tiffany Franklin are named as plaintiffs. The Petition's deficiency lies in its failure to allege the basis for any cause of action that CFNASN may have against UUIC, considering CFNASN was not the dealership involved in the advertising scheme that resulted in customer claims. As stated by defendants, "[w]hat is missing from Plaintiffs' Petition is any reference, assertion, or basis for how or why claims asserted by customers against a separate and distinct business, Chad Franklin Suzuki involves, implicates or provides any basis for a claim for insurance coverage for a separate legal entity, Plaintiff Chad Franklin Auto Sales North, LLC, or for Plaintiff Tiffany Franklin, individually" (Doc. No. 6).

Plaintiffs emphasize that a motion under Rule 12(e) is designed to remedy unintelligibility in a pleading rather than lack of detail. See <u>Whitehead v. City of St. Louis</u>, No. 4-09CV483, 2009 WL 4430699, *1 (E.D. Mo. Nov. 24, 2009). The Court

agrees, and does not strike plaintiffs' Petition for lack of detail; rather, the facts alleged do not provide notice to defendant of what charges each individual plaintiff has against UUIC.  In addition, plaintiffs have made no allegation that the information to form a responsive pleading is already within defendant's knowledge.  Without notice, the requirements of Rule 8 are not met.  A more definite statement will allow defendant to adequately respond and defend against plaintiffs' charges.

Based on the foregoing, defendant's Motion for More Definite Statement (Doc. No. 6) is **GRANTED**.

### III. Motion to Dismiss Claims of Plaintiff Chad Franklin

Chad Franklin, individually, alleges that UUIC failed to provide proper coverage under an insurance policy issued by defendant.  In October 2008, a similar Petition was filed in state court, in which Chad Franklin is also a plaintiff and UUIC is also a defendant.  As mentioned, this state court action remains pending.  Defendant argues Chad Franklin's claims in the instant action should be dismissed because he has a cause of action pending against UUIC that involves the same facts, circumstances and claims as are alleged and at issue in the state court action.

Under both Kansas and Missouri law, the rule prohibiting the splitting of a cause of action is well established.[2]  See Home State Bank v. P.B. Hoidale Co., 178 P.2d 292 (Kan. 1986) (finding the rule against splitting applied even though the same parties were not involved in the many lawsuits filed by plaintiff); Collins v. Burg, 996 S.W.2d 512 (Mo.

---

[2]The Court makes no choice of law determination between Kansas and Missouri law at this time.  Only that under the law of both states, the rule against splitting a cause of action is equally relevant to the analysis of defendant's Motion.

App. E.D. 1999) (holding plaintiff's claim was not barred by the splitting rule because the later cause of action arose after the first lawsuit had been filed).  Generally, the common law rule prevents a cause of action that is single from being split by a plaintiff and filed or tried piecemeal.  Collins, 996 S.W. 2d at 515 (citing Eugene Alper Construction Co., Inc. v. Joe Garavelli's of West Port, Inc., 655 S.W.2d 132, 135 (Mo. App. E.D. 1983).  What constitutes a single cause of action for purposes of the splitting rule depends on the facts and circumstances of the particular case.  Id.  In general, however, it is considered a single action if the separate actions arise from the same act, contract or transaction, or if the evidence necessary to sustain the claim is the same in both actions.  Id.  Defendant thus argues that Chad Franklin's claims should be barred under the rule against splitting a cause of action to prevent him from potential recovery in both similar claims.

Plaintiffs respond their claims are not barred by the splitting rule because this cause of action alleges different claims than the state court action.  Plaintiffs argue the instant case arises from damages incurred by CFNASN as a result of defendant's improper denial of claims in connection with the CFS promotional campaign.  Plaintiffs argue the claims asserted by Chad Franklin in this action are distinct from the state court lawsuit because the customers who had complaints against plaintiffs in this action are different, the circumstances of how the claims arose, and the damages incurred by each customer are different.

While a difference in calculation of damages, in itself, is not enough to split a cause of action, see id. at 516, the Court finds it would be premature to dismiss Chad Franklin's allegations at this time.  More importantly, the claims plaintiffs raised in

5

response to defendant's Motion to Dismiss Claims were not alleged in plaintiffs' Petition. As discussed in Section II, the allegations in plaintiffs' Petition are identical to those alleged against CFS in the October 2008 Petition filed in state court. Plaintiffs argument that CFNASN incurred damages as a result of UUIC's denial of claims was simply not alleged as a basis for a cause of action in plaintiffs' Petition in the instant suit.

Since the Court has directed plaintiffs to amend their Petition to comply with Rule 8 pleading standards, the Court will provisionally **DENY** defendant's Motion to Dismiss Claims of Chad Franklin (Doc. No. 4).

## IV. CONCLUSION

Based on the foregoing reasons, the Court hereby **GRANTS** defendant's Motion for More Definite Statement (Doc. No. 6), and provisionally **DENIES** defendant's Motion to Dismiss Claims of Chad Franklin (Doc. No. 4). **IT IS FURTHER ORDERED** that plaintiffs' shall file an amended complaint to comply with pleading standards set forth in Fed. R. Civ. P. 8, on or by **April 5, 2010**.

**IT IS SO ORDERED.**


Date: 03/12/10                                        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                                                Chief United States District Judge