**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CHAD FRANKLIN,** | ) | |
| **TIFFANY FRANKLIN,** | ) | |
| **CHAD FRANKLIN, NATIONAL AUTO** | ) | |
| **SALES NORTH, LLC, d/b/a FRANKLIN** | ) | |
| **AUTOMOTIVE GROUP, FRANKLIN** | ) | |
| **AUTO SALES AND LEGEND SUZUKI** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 10-0059-CV-SJ-FJG** |
| | ) | |
| | ) | |
| **UNIVERSAL UNDERWRITERS** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFFS' AMENDED PETITION

**COME NOW** Plaintiffs, by and through Monsees, Miller, Mayer, Presley & Amick, PC, and for their cause of action against Defendant Universal Underwriters Insurance Company hereby states and alleges as follows:

1. Plaintiff Chad Franklin is an individual citizen and resident of Missouri.

2. Plaintiff Tiffany Franklin is an individual citizen and resident of Missouri.

3. Plaintiff Chad Franklin National Auto Sales North, LLC, (hereafter "CFNASN") d/b/a Franklin Automotive Group, Franklin Auto Sales and Legend Suzuki is a Limited Liability Corporation in good standing, doing business in the State of Missouri.

4. Defendant Universal Underwriters Insurance Company (hereafter "Universal") is, and at all times relevant has been, a Missouri insurance company writing insurance policies and doing business in the State of Missouri, capable of suing and being sued in the Courts of this State, and may be served in the manner as set forth in the caption.

5. CFS Enterprise, Inc. d/b/a Chad Franklin Suzuki LLC ("Chad Franklin Suzuki") is a Kansas Corporation in good standing, doing business in the State of Kansas.

6. Venue is appropriate in Jackson County, Missouri in that Universal is a Missouri insurance company which does business in and usually keeps an office and agent for the transaction of their usual and customary business in Jackson County, Missouri, and the insurance contract was entered in to in Missouri, Jackson County.

7. Beginning in 2007, Chad Franklin Suzuki began advertising a promotional campaign that attracted potential customers to the dealership located at 2520 Burlington, North Kansas City, MO (the "North Dealership") and a dealership located at 6801 State Ave., Kansas City, KS ("Kansas Dealership"). Essentially, the program offered customers a financial package that would allow them to purchase a vehicle with limited monthly payments for a period of time.

8. After the program was being offered, customers of the store located at the North Dealership and at the Kansas Dealership began coming back to their respective dealerships and questioning the validity of the program. Plaintiffs listened to the customers and performed an investigation. The customers then made claims against each dealership for various misrepresentations, TILA violations, credit issues, and sought monetary damages.

9. Customers of the North Dealership who asserted claims against the North Dealership resulted out of transactions that occurred at the North Dealership. Customers of the Kansas Dealership who asserted claims against the Kansas Dealership resulted out of transactions that occurred at the Kansas Dealership.

10. At the time of the offering of the program, during the sales of the vehicles, and currently, Plaintiffs are insured against loss or damage by virtue of a contract of insurance with

Defendant Universal, Policy Number 260929.

11. Plaintiffs investigated the complaints made against the North and Kansas Dealerships and reported the claims to their insurance agent, Dan Zelinski. Dan Zelinski was at all relevant times an employee with Defendant Universal and acting within the same scope of his employment.

12. Contrary to the terms of the insurance policy and coverage, Dan Zelinski informed the Plaintiffs that the claims were not covered by the insurance policy, and denied the claims.

13. Left with no assistance from Defendant Universal, Chad Franklin Suzuki and CFNASN began to settle the claims with their respective customers.

14. In early 2008, Plaintiffs once again reported the claims to their agent, Dan Zelinski, and once again Defendant Universal denied the claims. As a result of the claims made against both the North and Kansas Dealerships, lenders and financial institutions restricted Plaintiffs' ability to conduct business, and as a result, Plaintiffs suffered damages.

15. The lending institutions then withdrew their business from the North Dealership as a direct result of Defendant Universal's failure to resolve the claims, forcing the North Dealership to shut down.

16. Finally, in May 2008, after repeated requests from Plaintiff Chad Franklin, Defendant Universal finally acknowledged its duty to provide a defense and indemnity pursuant to the Policy. However, Defendant Universal has provided only "limited" coverage, and still has not acknowledged the full extent of coverage for these claims, and continues to wrongfully deny, in part or whole, these claims.

17. That at the time at the time the initial claims were reported, Defendant Universal had a duty to assume control over negotiations, settlement and legal proceedings brought against their insured.

18. That Defendant Universal wrongfully refused to handle and settle the claims within the liability limits of the policy, causing Plaintiffs to incur substantial costs, eventually leading to the failure of Plaintiff's business.

19. That as separate issues under the policy, Defendant Universal owed a separate duty to each Plaintiff to adequately investigate the claims and provide coverage pursuant to the policy.

20. That as an insured under the policy, Defendant Universal owed a duty to Plaintiffs to protect their interest and breached this duty by:

A) failing to conduct a timely and thorough investigation in to the claims and applying proper coverage to the claims;

B) in denying the claims, acted in bad faith; and

C) in denying the claims, acted without just cause or excuse.

21. That Defendant Universal's conduct in denying the claims showed complete indifference to, and conscious disregard for the Plaintiffs and Plaintiffs' customers.

22. That Plaintiffs are entitled to the punitive damages against Defendant Universal in such sum as will serve to punish Defendant Universal and others from like conduct.

23. That the Plaintiffs should be awarded damages to wit:

A) Reimbursement of the monetary loss of claims paid;

B) Loss of profit;

C) Attorney fees;

D) Punitive damages;

E) Loss of Income; and

F) Humiliation.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendant Universal in amount in excess of $75,000.00 for its bad faith denial of claims, for their attorney fees, punitive damages, interest, court costs and for what other matters the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues in this action.

Respectfully submitted,

MONSEES, MILLER, MAYER, PRESLEY
& AMICK, P.C.
A Professional Corporation

BY /s/ David M. Mayer______________
DAVID M. MAYER, #40861
4717 Grand Ave., Ste. 820
Kansas City, Missouri 64112
(816) 361-5550(816) 361-5577 FAX

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2010, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which sent an electronic copy of the foregoing to the following:

Brian E. McGovern
Robert A. Miller
McCarthy, Leonard & Kaemmerer, L.C.
400 South Woods Mill Road, Ste. 250
St. Louis, MO 63017
Attorneys for Defendant

*/s/ David M. Mayer*____________
David M. Mayer