**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CHAD FRANKLIN,<br>TIFFANY FRANKLIN,<br>and CHAD FRANKLIN NATIONAL<br>AUTO SALES NORTH, LLC<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSAL UNDERWRITERS<br>INSURANCE COMPANY<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case Number 4:10-cv-00059-FJG |

**DEFENDANT UNIVERSAL UNDERWRITERS INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED PETITION**

COMES NOW Defendant Universal Underwriters Insurance Company ("Defendant"), by and through its undersigned attorneys, and for its answer to Plaintiffs' First Amended Petition states the following:

1. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Petition, and therefore denies the same and demands strict proof thereof.

2. Defendant admits that records of the Missouri Secretary of State reflect that CFNASN is a Missouri limited liability company. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 2 of the Petition, and therefore denies the same and demands strict proof thereof.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Petition, and therefore denies the same and demands

strict proof thereof.

4. Defendant denies the allegations contained in paragraph 4 of the Petition that Defendant Universal is a Missouri insurance company. Defendant Universal is a Kansas insurance company in good standing with its principal place of business in Overland Park, Kansas. Defendant Universal admits that it does business in the State of Missouri, and it has issued policies to Missouri insureds. The remaining allegations of Paragraph 4 consist of legal conclusions and arguments on the part of Plaintiffs and are therefore denied.

5. Defendant admits that CFS Enterprise, Inc. is a Kansas corporation which was located in Kansas. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 5 of the Petition, and therefore denies the same and demands strict proof thereof.

6. Defendant denies the allegations contained in paragraph 6 of the Petition and further states that they include legal conclusions and arguments on the part of Plaintiffs which are denied.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of the Petition, and therefore denies the same and demands strict proof thereof.

8. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Petition, and therefore denies the same and demands strict proof thereof.

9. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Petition, and therefore denies the same and demands strict proof thereof.

10. Defendant admits that it issued policy number 260929 and that Plaintiffs are named insureds for particular coverage parts under such policy. Defendant states that the Policy is the best evidence of its terms and conditions and applicable policy period. Defendant denies the remainder of the allegations contained in paragraph 10 of the Petition.

11. The allegations of Paragraph 11 regarding Mr. Zelinski's status as an employee of Defendants and acting within the scope of his employment with Defendants calls for a legal conclusion and are therefore denied. Defendant denies that any "claims" were reported to Mr. Zelinski. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 11 of the Petition, and therefore denies the same and demands strict proof thereof.

12. Defendant denies the allegations contained in paragraph 12 of the Petition.

13. Defendant denies the allegations of paragraph 13 of the Petition.

14. Defendant denies the allegations contained in paragraph 14 of the Petition. Further, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Petition, and therefore denies the same and demands strict proof thereof.

16. Defendant admits that Plaintiffs CFS Enterprise and Chad Franklin have been provided certain coverage under the insurance policy for certain claims asserted by certain customers of the "Kansas Dealership," usually under a reservation of some or all rights, however, Defendant is without sufficient knowledge or information to admit or deny the

allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof. Defendant denies the remaining allegations contained in paragraph 16 of the Petition.

17. Defendant denies the allegations contained in paragraph 17 of the Petition and further states that said allegations consist of legal conclusions and arguments which are denied by Defendant.

18. Defendant denies the allegations contained in paragraph 18 of the Petition and further states that said allegations consist of legal conclusions and arguments which are denied by Defendant. Further, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof.

19. The allegations of Paragraph 19 consist of legal conclusions and arguments which are denied by Defendant. Further, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof.

20. The allegations of Paragraph 20 consist of legal conclusions and arguments which are denied by Defendant. Further, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof.

21. The allegations of Paragraph 21 consist of legal conclusions and arguments which are denied by Defendant. Further, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof.

22. The allegations of Paragraph 22 consist of legal conclusions and arguments which are denied by Defendant. Further, Defendant is without sufficient knowledge or information to admit or deny the allegations regarding alleged customers and claims involving the "North Dealership," and therefore denies the same and demands strict proof thereof.

23. Defendant denies the allegations contained in paragraph 23 of the Petition.

**AFFIRMATIVE DEFENSES**

1. The Petition, and each claim for relief therein, fails to state a claim upon which relief can be granted. Plaintiffs' petition fails to state a claim for multiple reasons, including but not limited to, one or more of the following:

a. Plaintiffs have failed to allege or prove any damage;

b. Plaintiffs have failed to allege or prove any damages caused by the alleged conduct of Defendant;

c. Plaintiffs have failed to allege or prove any breach of contract or alleged bad faith by Defendant;

d. Plaintiffs have failed to allege or prove any basis for punitive damages.

e. Punitive damages are not available as a matter of law based upon the allegations asserted by Plaintiffs;

f. Plaintiffs' failure to allege and/or prove all other necessary elements of any cause of action or claim potentially set forth in Plaintiffs' petition;

g. Plaintiffs have failed to fully allege the basis for any "claims" and/or "legal proceedings" with particularity for which they seek coverage, and, therefore, Defendant reserves the right to raise any other bar(s) to coverage or

exclusion(s) from coverage once such "claims" and/or "legal proceedings" are alleged with sufficient particularity;

h. Plaintiffs have failed to plead any basis for claims by Plaintiff Tiffany Franklin and have failed to plead or allege that any claims have been asserted against Plaintiff Tiffany Franklin which were covered by the insurance policy or which were not settled by Defendant; and/or,

i. Plaintiffs have failed to allege or plead that Plaintiff Tiffany Franklin suffered any damages caused by any alleged conduct of Defendant.

j. Plaintiffs' tort claim for bad faith is not actionable under Kansas law.

2. Plaintiffs' claims are barred by the equitable doctrines of waiver, laches, estoppel, and unclean hands. For reasons including, but not limited to, one or more of the following reasons:

a. failing to give proper notice as required by the policy;

b. commission of fraud;

c. intentional wrong doing;

d. continuation of fraudulent schemes;

e. acts committed with the intent to cause harm, and

f. making voluntary settlements and payments.

3. Plaintiffs' claims are barred because of Defendant's complete performance of its obligations under the relevant policy(ies) and/or Plaintiffs' failure to perform all necessary requirements under the contract.

4. Plaintiffs' claims are barred because Defendant acted in good faith at all times.

5. Coverage for the claims made by Plaintiffs may be barred, in whole or in part, or

otherwise limited according to the terms, definitions, conditions, endorsements, exclusions, exceptions, and limitations of the relevant policy(ies). Specifically, coverage may be barred and/or excluded, or otherwise limited, *inter alia,* because:

a. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that Plaintiffs, individually and collectively, are not a named insured under the relevant coverage part(s);

b. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that Plaintiff Chad Franklin Auto Sales North, LLC is not a named insured under the relevant coverage part(s);

c. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that Plaintiffs were not sums that the Plaintiffs legally must pay as Damages;

d. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" do not satisfy the definition of Suit;

e. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" were resolved without the consent of Defendant;

f. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" are equitable actions and do not satisfy the definition of Suit;

g. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" are attorney general actions and do not satisfy the definition of Suit;

h. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" did not result in an amount awarded by a court of law;

i. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" resulted in the imposition of a civil penalty;

j. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" resulted in the imposition of fines;

k. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" resulted in the imposition of assessments;

l. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" were not based on alleged violations of truth-in-lending or truth-in-leasing law;

m. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" were not filed against Plaintiffs during the Coverage Part period;

n. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs are excluded from coverage under the relevant policy(ies) in that such "claims" and/or "legal proceedings" allegedly or actually arise from dishonest, fraudulent or criminal acts committed by one or more insureds;

o. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs are excluded from coverage under the relevant policy(ies) in that such "claims" and/or "legal proceedings" allegedly or actually arise from acts committed by or at the direction of the insured with the intent to cause harm;

p. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs are excluded from coverage under the relevant policy(ies) in that such "claims" and/or "legal proceedings" were based on liability assumed under a contract or agreement;

q. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings," in whole or in part, were

not for Injury as defined by the policy(ies);

r. One or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs did not satisfy the requirements of the Insuring Agreement of the relevant policy(ies) in that such "claims" and/or "legal proceedings" were not based on any alleged or actual Occurrence as defined by the policy(ies);

s. With regard to one or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs, Plaintiffs failed to perform their duties under the relevant policy(ies) in that Plaintiffs failed to report such "claims" and/or "legal proceedings" to Defendant as soon as possible;

t. With regard to one or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs, Plaintiffs failed to perform their duties under the relevant policy(ies) in that Plaintiffs failed to promptly send all documents to Defendant;

u. With regard to one or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs, Plaintiffs failed to perform their duties under the relevant policy(ies) in that Plaintiffs failed to cooperate and assist Defendant in any investigation, defense, enforcement or contribution or indemnification;

v. With regard to one or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs, Plaintiffs failed to perform their duties under the relevant policy(ies) in that Plaintiffs made offers of payment, assumed obligations and incurred expenses without the consent of Defendant; and

w. With regard to one or more of the "claims" and/or "legal proceedings" as alleged by Plaintiffs, Plaintiffs failed to perform their duties under the relevant policy(ies) in that Plaintiffs failed to notify any person or organization, including other insurance

companies, which may also be liable to Plaintiff, with regard to such “claims" and/or "legal proceedings."

x. To the extent there is any applicable coverage, the insurance policy(ies) issued by Universal is subject to various limitations depending on the applicable coverage, including per suit, claim, occurrence and aggregate limits. Universal’s liability, if any, is therefore restricted to and by such limitations and provisions.

y. Plaintiffs’ claims, individually and/or collectively, may be barred or limited to the extent that not all of the plaintiffs are insured under the polic(ies) of insurance issued by Universal and/or its respectively coverages.

6. Plaintiffs are not entitled to recover extra-contractual damages.

7. Plaintiffs have failed to mitigate their damages in this matter.

8. Plaintiffs alleged damages were not proximately caused by any alleged acts or omissions on the part of this Defendant, but were the proximate result of acts and omissions of Plaintiffs and or third parties.

9. Plaintiffs’ allegations include claims for damage amounts that are not fully determined or adjudicated and therefore Plaintiffs claims in that regard are not ripe.

10. Plaintiffs Chad Franklin and Tiffany Franklin are plaintiffs in separately pending litigation arising out of the same facts and circumstances (Cause Number 0816-CV32569 in the Circuit Court of Jackson County, Missouri), constituting an impermissible attempt by Plaintiffs to split their cause of action and an impermissible attempt at a double recovery for the issues alleged.

11. Plaintiffs claims for lost profits, lost income, loss of value of business and financial losses are too remote, speculative and conjectural.

12. To the extent that Plaintiffs are owed any sums from Universal, such amounts owed are offset or reduced by setoff, in part or in whole, by amounts Plaintiffs owe to Universal, including but not limited to in satisfaction of deductibles.

13. To the extent that Plaintiffs have incurred unreasonable or inappropriate costs or obligations with respect to the claims or legal proceedings or other underlying claims or events, Plaintiffs' purported causes of action are barred in whole or in part.

14. To the extent that Plaintiff voluntarily made any payments, assumed any obligation, or incurred any expense, without the consent of Universal except as permitted by the insurance policy(ies) issued by it, Plaintiff's purported causes of action are barred in whole or in part.

15. To the extent applicable law does not obligate Universal to pay any costs or other damages incurred prior to Universal's receipt of tender of the claims or legal proceedings, or other underlying claims or lawsuits under the policy(ies), such costs and damages are not covered under said policy(ies).

16. To the extent Plaintiff excused relevant performance by Universal under the insurance policy(ies) issued by Universal, Plaintiff's claims are barred in whole or in part.

17. For further and complete defense to Plaintiffs' allegations, Defendant states that Plaintiffs' claims are barred because any decision with regard to coverage was not in bad faith or vexatious in nature. Rather, Defendant has acted reasonably, in compliance with the terms of the relevant policy, and not in an arbitrary and capricious manner.

18. The substantive law applicable to the present case is the law of the State of Kansas based upon Missouri choice of law principles, and many of Plaintiffs' claims and damages are not recoverable under Kansas Law, including but not limited to Plaintiffs' tort

claims for bad faith, Plaintiffs' request for a jury trial on the issues, and Plaintiffs' claims for consequential damages, attorney's fees and punitive damages.

19. Defendant relies on any and all other matter which constitutes or may constitute an avoidance or affirmative defense.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant prays that Plaintiffs take nothing by their Petition, that Defendant be granted judgment for costs, and for such other relief as this Court deems just and equitable.

McCARTHY, LEONARD & KAEMMERER, L.C.

BY: /s/ Brian E. McGovern

Brian E. McGovern #3804 (Mo. #34677)
bmcgovern@mlklaw.com
400 South Woods Mill Road, Suite 250
St. Louis, Missouri 63017
314-392-5200,
314-392-5221 (Fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being filed electronically with the Clerk of Court, therefore to be served by operation of the Court's electronic filing system, on this 22nd day of April, 2010 upon:

David M. Mayer
MONSEES, MILLER, MAYER, PRESLEY & AMICK, P.C.
4717 Grand Ave., Suite 820
Kansas City, MO 64112
FAX: 816-361-5577
dmayer@MMMPALAW.COM

/s/ Brian E. McGovern